UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHON D. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 10312 |
| | ) | |
| vs. | ) | Judge Ronald A. Guzmán |
| | ) | |
| FORD MOTOR CO. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff contends that his employer, Ford Motor Company, discriminated against him because of his race in violation of Title VII. Ford has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**Facts**

Though he is represented by counsel and was given several extensions of time to file his materials in opposition to Ford's motion, plaintiff failed to file a response to Ford's statement of uncontested material facts that complies with Local Rule ("LR") 56.1. As a result, the Court deems plaintiff to have admitted all of the properly supported facts asserted by Ford in its LR 56.1 statement. (*See* LR 56.1(b) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance

with those rules."); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (quotation and alteration omitted). Those facts are as follows.

On March 3, 1986, plaintiff, who is African American, was hired by Ford as an electrician to work at its Chicago Assembly Plant ("CAP"). (Def.'s LR 56.1(a) Stmt. ¶¶ 1-2; *see* Compl. ¶ 1.) In 2011, plaintiff moved to the midnight shift, and Fred Berdyck became his boss. (Def.'s LR 56.1(a) Stmt. ¶ 3.)

CAP's safety rules require electricians to wear personal protective equipment ("PPE") that consists of fire resistant coveralls or a set of fire resistant shirt and pants. (*Id.* ¶¶ 5-8.) Ford buys the electricians' PPE and pays to have it laundered each week. (*Id.* ¶ 9.) CAP has lockers on site for employees to store their PPE and extra sets available for temporary use. (*Id.* ¶ 10.)

On April 11, 2011, plaintiff's first day on the midnight shift, he did not wear PPE. (*Id.* ¶ 15.) Berdyck told plaintiff he could not be on the floor without it, and an argument ensued, which ended with Berdyck telling plaintiff to put on PPE or go see Labor Relations. (*Id.* ¶¶ 15-16.) Plaintiff did neither, he left the plant. (*Id.* ¶ 16.)

On April 14, 2011, Labor Relations representative Natalie Dahringer held a disciplinary hearing, at which plaintiff had union representation, regarding the April 11 incident. (*Id.* ¶ 18.) Dahringer found that plaintiff violated the PPE rule and left work without permission. (*Id.* ¶¶ 19-20.) The discipline she imposed for both infractions was a reprimand and warning and a suspension for the rest of plaintiff's shift. (*Id.* ¶ 22.) Plaintiff's race played no role in Dahringer's decision to discipline him. (*Id.* ¶ 24.)

On September 14, 2011, Berdyck caught plaintiff playing video games during his shift and sent him to Labor Relations. (*Id.* ¶ 26.) The next day, Dahringer held a hearing on the video game allegation and saw that plaintiff was not wearing PPE. (*Id.* ¶ 27.) She told him to put it on, he refused, and she charged him with a safety violation as well. (*Id.*) After the hearing, during which plaintiff had union representation and admitted that he had played video games at work, Dahringer found that he "fail[ed] to put forth effort" and again violated the PPE rule. (*Id.* ¶¶ 28-30.) Dahringer gave plaintiff a reprimand and warning and a suspension for the rest of his shift for playing video games and a reprimand and warning and a three-day suspension for the PPE. (*Id.* ¶ 31.) Plaintiff's race played no role in Dahringer's decision to discipline him. (*Id.* ¶ 32.)

Sometime after the September 15, 2011 hearing, plaintiff told Dahringer, for the first time, that his PPE did not fit. (*Id.* ¶ 33.) Thereafter, he obtained appropriately-sized PPE and has worn it regularly ever since. (*Id.* ¶¶ 34-36.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff alleges that he was disciplined by Ford because of his race, not his conduct.[1] To defeat Ford's motion on this claim, plaintiff must either offer: (1) direct or circumstantial evidence of Ford's discriminatory animus; or (2) evidence that Ford subjected him to an adverse employment action, though he was meeting its legitimate performance expectations, but did not do so to a similarly-situated non-African-American employee, and gave an incredible reason for doing so. *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719-24 (7th Cir. 2005). Plaintiff has done neither, and the undisputed facts establish that Dahringer disciplined plaintiff because of his actions not his race. Accordingly, Ford is entitled to judgment as a matter of law on plaintiff's Title VII claim.

**Conclusion**

For the reasons stated above, there is no genuine issue of material fact as to plaintiff's Title VII claim against Ford, which is entitled to judgment as a matter of law. Therefore, Ford's motion for summary judgment [48] is granted, and this case is terminated.

**SO ORDERED.**                    **ENTERED: December 18, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[1] In his brief, plaintiff also argues that Ford discriminatorily denied him overtime. Because there is no evidence that he raised this claim in an EEOC charge, and he did not allege it in his complaint, he cannot raise it now. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.2d 497, 500 (7th Cir. 1994) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge.")

4